Filed 10/23/14  P. v. Arellano CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061096 |
| v. | (Super.Ct.No. FVA1400248) |
| ADRIAN ARELLANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Adrian Arellano pled guilty to felony possession of a controlled substance (count 1; Health & Saf. Code, § 11377, subd. (a)) and misdemeanor petty theft (count 2; Pen. Code, § 484, subd. (a)).  The court sentenced defendant to the agreed upon split sentence of the midterm of two years imprisonment on count 1, the

1

second year of which would be suspended while defendant would be placed on mandatory supervision, and a concurrent term of 180 days on count 2.

After counsel filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a statement of the facts, and identifying three potentially arguable issues: 1) whether defendant was advised of his trial rights and the consequences of his plea prior to entering into the plea bargain; 2) whether there is a factual basis for the plea; and 3) whether appellant received the agreed upon sentence. We affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

A police officer was dispatched to a Walmart store in Fontana on February 10, 2014, at 9:35 p.m. regarding a report that a suspect had shoplifted. The officer conducted a patdown search of defendant which revealed a fixed blade paring knife, a number of neckties, a black T-shirt, a package of lighters, and a kitchen knife still in its packaging. The loss prevention officer reported the objects belonged to the store and had a retail value of $150.42. Defendant had no wallet or credit cards on his person. Defendant had a total of $4.43 on him.

The officer additionally found a small cloth bag with a piece of clear, torn plastic tied at one end containing a small amount of a white crystalline substance consistent with

---

[1] The parties stipulated the police report would provide the factual basis for the plea. Our factual history is derived from the police report.

2

the appearance of methamphetamine. The substance tested presumptively positive for methamphetamine.

The People charged defendant with possession of a controlled substance (count 1; Health & Saf., § 11377, subd (a)) and petty theft (count 2; Pen. Code, § 484, subd. (a)). The People additionally alleged defendant had suffered two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

Defendant initialed portions of a plea agreement indicating he understood his rights and the consequences of the plea. Defendant initialed a box adjacent to a term indicating he had had sufficient time to consult with his attorney who had explained the consequences of the plea to him. Defendant signed the plea agreement. Defense counsel signed the plea agreement indicating he had personally explained the contents of the plea agreement to defendant.

Before entering the plea, the court asked defendant if he went over the entire plea with defense counsel before signing it. Defendant said he had. The court asked defendant if he understood each of his constitutional rights and all possible penalties upon entering the plea. Defendant responded, "I believe I do, your Honor." The court indicated defendant would be pleading guilty with respect to both counts in return for imposition of a split sentence of the midterm on count 1, two years, which would comprise one year in jail and another under mandatory supervision. The court would dismiss the prior prison term allegations. Defendant indicated that was his understanding of the plea.

3

The court asked defendant if anyone had made any other promises to defendant. Defendant responded that no one had. The court asked defendant if he had had enough time to discuss the case with his attorney. Defendant indicated he had. The court asked if defendant understood everything in the plea agreement. Defendant said he did. The court asked if defense counsel went over the entire plea form with defendant. Defense counsel responded that he had.

The court found "defendant has read and understood the declaration and plea form. He understands the nature of the charges he's pleading to, all the consequences and punishments for the offenses he's pleading to, and each of his constitutional rights. I'll find he freely, voluntarily, knowingly, and intelligently waives each of those rights." Defendant entered the plea. The court sentenced defendant to the agreed upon term.

## DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.